IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Mag. No. |
| v. : | |
| : | **UNDER SEAL** |
| : | |
| **Robert Kraaipoel** : | |
| **Aviation Services International, B.V.;** : | |
| **TPC, B.V.; and** : | |
| **Delta Logistics, B.V.** : | |
| Defendants : | |

### MOTION AND SUPPORTING MEMORANDUM TO SEAL CRIMINAL COMPLAINT, ARREST WARRANT, SUPPORTING AFFIDAVIT, AND RELATED PAPERS

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to place under seal, until the subject **Robert Kraaipoel** is arrested, the arrest warrant, the criminal complaint, the affidavit in support thereof, and all related papers in the above-captioned matter, including this motion. In support of its motion, the government states as follows:

Sealing the complaint and arrest warrant, and the affidavit in support thereof, is necessary so as not to alert Robert Kraaipoel that charges have been filed against him and his arrest is sought. Release of such information may cause him to flee, destroy evidence, interfere with potential witnesses, and otherwise frustrate the investigation and prosecution in this matter. In particular, release of the affidavit at this time would alert Kraaipoel to the nature and extent of evidence against him. The United States requests that the sealing order permit the government in connection with its governmental duties and functions to disclose the complaint, warrant, affidavit, and accompanying documents in connection with this matter to law enforcement officials in the United States and foreign nations.

Authority

This court has the inherent power to seal affidavits in support of search and arrest warrants to protect an ongoing criminal investigation. In re Sealed Affidavit(s) to Search Warrants (Agosto), 600 F.2d 1256 (9th Cir. 1979); State of Arizona v. Manypenny, 672 F.2d 761, 765 (9th Cir.) (citing a wide variety of circumstances in which trial courts possess the inherent authority to seal and safeguard their records), cert. denied, 459 U.S. 850 (1982); See also United States v. Hubbard, 650 F.2d 293, 315-320 (D.C. Cir. 1980) (reversing trial court's order to unseal certain records in a criminal case); Washington Post v. Robinson, 935 F.2d 282, 290-291 (D.C. Cir. 1991).

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal complaint, the arrest warrant, the affidavit in support thereof, and all related papers in the above-captioned matter, including this motion – except for the law-enforcement purposes stated above – until such time as the subject Robert Kraaipoel is arrested, at which time they may be automatically unsealed.

WHEREFORE, the United States requests that its motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


Steven W. Pelak
Assistant United States Attorney
D.C. Bar Nos. 498610 and 408744
National Security Section
555 4th Street, N.W. – 11th Floor
Washington, D.C.  20530
202/514-6946
Steven.pelak@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Mag. No.** |
| v. | : | |
| | : | <u>**UNDER SEAL**</u> |
| | : | |
| **Robert Kraaipoel** | : | |
| **Aviation Services International, B.V.;** | : | |
| **TPC, B.V.; and** | : | |
| **Delta Logistics, B.V.** | : | |
| **Defendants** | : | |

**O R D E R**

Upon motion of the United States and for good cause and reasons set forth therein, it is this _____ day of August 2007,

**ORDERED** that the Government's motion be granted and that the criminal complaint, the arrest warrant, the affidavit in support thereof, and all related papers in the above-captioned matter, including the government's Motion to Seal and this Order, be SEALED – except that the United States may use and disclose such documents and related information in connection with the performance of law enforcement or official governmental functions, including making disclosure to governmental officials within and outside the United States – until such time as the subject Robert Kraaipoel is arrested within or outside the United States, at which time this matter shall be unsealed without further order or direction of the Court.

SO ORDERED, this _____ day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE